```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                          CRIMINAL NO. 3:07-cr-86(DCB)(JCS)

DALE C. ARCHEY

                            ORDER

On July 28, 2009, the Court found the defendant, Dale C. Archey, not guilty by reason of insanity, and ordered that he be committed to the custody of the Attorney General for evaluation at FCI Butner, North Carolina, pursuant to 18 U.S.C. § 4243(a).  The Court ordered that the purpose of the evaluation shall be for determination of the defendant's propensity for dangerousness if released pursuant to 18 U.S.C. § 4243(e).  The Court further ordered that a hearing on the findings of the evaluation would be held within forty days from the date of the order.

The Court has received a letter from Sara M. Revell, Complex Warden at Butner, which requests an extension of time to complete the evaluation.  Section 4247(b) of Title 18 provides that the court may commit the person to be examined under § 4243 to the custody of the Attorney General for placement in a suitable facility, and for a reasonable period, but not to exceed forty-five days.  Section 4247(b) further provides that the director of the facility may apply for a reasonable extension, but not to exceed thirty days, upon a showing of good cause and that additional time is necessary to observe and evaluate the defendant.

Warden Revell requests an additional thirty days, for a total of seventy-five days, to complete the evaluation, to afford Treatment Team members sufficient time to conduct interviews and psychological testing and make a comprehensive evaluation. The warden requests that the time period commence upon the date of Archey's arrival at FCI Butner, August 10, 2009, which would extend the evaluation period to October 23, 2009. Although not explicitly stated, the warden's calculations assume an initial period of forty-five days as set forth in 18 U.S.C. § 4247(b). The warden also requests an additional fourteen working days to complete a final report.

Counsel for the defendant objects to the extension sought by the warden. Although she has no objection to a thirty day extension, she urges the Court to limit the initial period to the forty days provided for the hearing in 18 U.S.C. § 4243(c), rather than the forty-five days provided for the evaluation in 18 U.S.C. § 4247(b). She also urges the Court to use the date of adjudication, July 28, 2009, as the commencement date. Finally, she objects to any additional time beyond seventy days to prepare a written report and to transport Archey back to court for his hearing.

Having carefully considered the matter, the Court finds that the warden has shown good cause for a thirty day extension. The Court further finds that the extension supports important federal

concerns of determining the defendant's dangerousness before deciding whether to retain custody or to release him to appropriate State officials, and that the extension does not violate the defendant's due process rights. The Court also finds that the initial period is for forty-five days pursuant to 18 U.S.C. § 4247(b), and that it commenced upon the date Archey arrived at FCI Butner. See United States v. Akumu, 2005 WL 2654258, *2 (S.D. Ill., Oct. 14, 2005). Accordingly, the Court finds that the time period for the evaluation commenced on August 10, 2009, seventy-five days from which is October 23, 2009. The warden's request for fourteen working days to complete a written report shall also granted. See United States v. Marsh, 2007 WL 951933, *2 (N.D. Iowa, March 29, 2007)(granting warden's request for three weeks from date evaluation is completed to prepare and file report). The report pursuant to 18 U.S.C. § 4247(c) must be filed by November 12, 2009. Accordingly,

IT IS HEREBY ORDERED that the request by Sara M. Revell, Complex Warden at Butner, for a thirty day extension is GRANTED, and the evaluation of the defendant must be completed by October 23, 2009;

FURTHER ORDERED that the written report must be filed by November 12, 2009;

FURTHER ORDERED that all scheduling dates in this Court's July 29, 2009 Order are stricken. After receiving the examiner's report

the Court shall hold a hearing pursuant to § 4247(d) to determine whether the defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

SO ORDERED, this the 1st day of September, 2009.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE